UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK N. WELCH,

                Petitioner,                Case No. 2:19-cv-10051
                                                          Hon. Victoria A. Roberts

v.

S.L. BURT,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Frank N. Welch ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner is serving a sentence of 7½ to 15 years' imprisonment as a result of his Wayne Circuit Court guilty plea conviction for unarmed robbery. MICH. COMP. LAWS § 750.530.

Petitioner claims that his sentence was unreasonable and disproportionate to an incorrectly scored advisory guideline range.

The Court denies the petition because the claim is without merit. The Court denies a certificate of appealability and denies permission to appeal in forma pauperis.

**I. Background**

In March of 2013, Petitioner pled guilty to unarmed robbery. He was sentenced to two years' probation. While on probation Petitioner was charged with

home invasion, possession of marijuana, and driving with a suspended license. Dkt. 8-7, at 5-8. Petitioner also failed to make restitution payments to the robbery victim. The trial court extended the term of probation. Id.

In January of 2014 officers arrested Petitioner for failure to report to his probation officer. In September of 2014, Petitioner pled guilty to violating the terms of his probation for failure to pay restitution. Dkt. 8-12, at 7.     Later,     law enforcement arrested Petitioner on a violation when he was charged with marijuana possession, two counts of retail fraud, and malicious destruction of a building. Dkt. 8-13, at 6, 15. The Court sentenced Petitioner to 30 days in jail, and extended his probation another year. Id.

On August 14, 2015, Petitioner was arraigned on probation violations charges for first-degree criminal sexual conduct and assault with the intent to do great bodily harm. Dkt. 8-14, at 10. At the probation violation hearing, a police officer testified that he responded to the home of woman who appeared badly beaten. Dkt. 8-15, at 4-6. The woman told the officer that Petitioner, her child's father, broke into her home, where he beat and raped her. Id. 7. The officer spoke with an eyewitness to the events immediately preceding the beating and rape, who corroborated the victim's account. Id. 8. The officer testified that he observed vomit, blood, and broken glass all over the apartment. Id. 14-15.

The trial court found by a preponderance of the evidence that Petitioner violated the conditions of his probation. Id. 23. On September 16, 2015, the court

resentenced Petitioner on his original unarmed robbery charge to 10 to 15 years' imprisonment Dkt. 8-17, 4-10.

Petitioner filed an application for leave to appeal that failed to disclose information about the criminal sexual conduct incident. The prosecutor failed to respond to the appeal. Assuming the facts to be as Petitioner alleged them to be, the Michigan Court of Appeals remanded the case for resentencing. *People v. Welch*, No. 330661 (Mich. Ct. App. February 16, 2016).

Petitioner was resentenced on April 14, 2016. The trial court noted that Petitioner falsely claimed in the Court of Appeals that his violation was only the result of a retail fraud conviction, and it failed to mention the criminal sexual conduct. Dkt. 8-18, at 27. The prosecutor noted that separate charges were filed against Petitioner for first-degree criminal sexual conduct and assault with intent to do great bodily harm, Those charges were dismissed after the victim failed to appear at the preliminary examination. Id., 4-5.

The court noted Petitioner's five juvenile offenses, including retail fraud, assault and battery, aggravated assault, possession of marijuana, and larceny from a person. Id. 44. As an adult, Petitioner had three misdemeanor convictions, and a probationary adjudication for carrying a concealed weapon. Id. During his current probationary term, Petitioner was convicted of five misdemeanors. Id. 45. The Court concluded that the extensive history indicated that the recommended guideline range was inadequate, and it resentenced Petitioner to 7½ to 15 years. Id. 45-46.

Following resentencing, Petitioner again filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the same claims he presents in the current petition. The Michigan Court of Appeals denied the application "for lack of merit." *People v. Welch*, No. 335194 (Mich. Ct. App. November 22, 2016). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. It was denied by standard order. *People v. Welch*, 893 N.W.2d 620 (Mich. 2017) (Table).

## II. Discussion

Petitioner contends that the trial court incorrectly scored the guidelines and imposed an unreasonable and disproportionate sentence. The claim is not cognizable on federal habeas review.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Claims concerning the improper application of sentencing guidelines are state-law claims and typically not cognizable in habeas corpus proceedings. See *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Thus, this Court is bound by the state court's rejection of Petitioner's

4

claim that the trial court improperly applied the Michigan sentencing guidelines or that the sentence was "unreasonable" under state-law principles.

Any claim that Petitioner's sentence was disproportionate under the Eighth Amendment is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; see also *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case). Furthermore "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

Petitioner is not entitled to habeas relief on his sentence challenges.

### III. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve

5

encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his claim because it is devoid of merit. Therefore, a certificate of appealability will be denied.

If Petitioner chooses to appeal he may not proceed in forma pauperis because an appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, 3) **DENIES** permission to proceed in forma pauperis on appeal, and 4) **DENIES** Petitioner's pending motions.

**SO ORDERED.**

s/ Victoria A. Roberts<br>
Hon. Victoria A. Roberts<br>
United States District Judge

Dated: 11/25/19